IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | CRIMINAL NO. 3:10-580-CMC |
|---|---|---|
| v. | ) | **OPINION and ORDER** |
| Anthony Lee Williams, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion for relief under 28 U.S.C. § 2255. Defendant presents three Grounds for Relief, all three of which contend he received ineffective assistance of counsel.

On June 28, 2012, the Government responded to Defendant's motion, conceding that in light of the Supreme Court's decision in *Dorsey v. United States*, 567 U.S. ___, 132 S. Ct. 2321 (2012), Defendant is entitled to resentencing but opposing Defendant's motion based upon his arguments relating to his career offender status. ECF No. 579. An order was entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Defendant of the process and importance of responding to a dispositive motion. Defendant has replied to the Government's motion. For the reasons below, the court denies Defendant's motion as to his claim of ineffective assistance of counsel regarding his career offender status, grants Defendant's motion to vacate sentence based upon *Dorsey*, appoints the Federal Public Defender to represent Defendant, and sets this matter for resentencing on **Tuesday, September 18, 2012, at 9:30 a.m.**

**I. BACKGROUND**

On May 19, 2010, Defendant was indicted for his role in a drug distribution conspiracy, a violation of Title 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). All of Defendant's conduct occurred

1

prior to August 3, 2010, the date of the enactment of the Fair Sentencing Act of 2010 (hereinafter "FSA").

On August 11, 2010, Defendant appeared before this court with counsel, and pursuant to a written plea agreement, pleaded guilty to the lesser included offense contained in Count One of the Indictment. As a result of his plea and his prior felony drug record, Defendant faced a statutory mandatory minimum sentence of ten (10) years' imprisonment, with a maximum term of life imprisonment. These penalties were based on pre-FSA statutory threshold drug quantities.

In preparation for sentencing, the United States Probation Officer completed a Presentence Report (PSR). Defendant, through counsel, submitted objections to the PSR. On November 10, 2010, Defendant appeared with counsel for sentencing. The undersigned sustained certain of Defendant's objections to the PSR, granted the Government's motion for a departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), and denied Defendant's motion for a variance sentence. Defendant was sentenced to 210 months' imprisonment, to be followed by eight years' supervised release. Defendant did not appeal his plea or sentence.

## II. DISCUSSION

Defendant presents three Grounds for Relief in his motion. Defendant contends that he received ineffective assistance of counsel at sentencing when counsel failed to object to certain prior convictions which Defendant contends did not qualify as predicate offenses for career offender guidelines under U.S.S.G. § 4B1.1 (Ground One); when counsel "failed to object to the court['s] usage of 21 U.S.C. section 841(b)(1)(A) to determine [Defendant's] statutory maximum for his sentence under USSG section 4B1.1[,] Mot. at 5; and when counsel purportedly failed to inform Defendant of the "correct statutory maximum" thereby calling into question the validity of Defendant's guilty plea, Mot. at 7. ECF No. 552.

Defendant's First Ground for Relief argues that counsel was ineffective in failing to object to the court's finding Defendant a career offender based upon, in part, Defendant's two prior state convictions for Assault and Battery of a High and Aggravated Nature (ABHAN). Defendant maintains that had counsel objected, he would not have been found a career offender under § 4B1.1.

Defendant's argument fails. The court addressed Defendant's prior ABHAN convictions at sentencing, and found that neither qualified as predicate offenses for career offender purposes. *See* Sentencing Tr. at 9-11 (ECF No. 584). However, Defendant had prior convictions for distribution of "crack" cocaine and for Knowingly and Willfully Assaulting, Beating or Wounding a Law Enforcement Officer While Resisting Arrest, both of which were qualifying predicate offenses under § 4B1.1 of the Guidelines. Defendant argues in his response that the PSR "did not state which of [Defendant's] prior convictions were predicates for the § 4B1.1 [enhancement]." Reply at 3. ECF No. 583. This is incorrect, as the PSR specifically notes which of Defendant's prior offenses were qualifying offenses for career offender purposes. For this reason, therefore, Defendant's First Ground for Relief fails, and it is dismissed with prejudice.

Defendant's Second Ground for Relief contends that he received ineffective assistance of counsel when counsel "failed to object to the court['s] usage of 21 USC [§] 841(b)(1)(A) to determine [Defendant's] statutory maximum for his sentence under USSG § 4B1.1." Mot. at 5. The Government has conceded Defendant is entitled to relief under the FSA after *Dorsey*. Accordingly, Defendant's Second Ground for Relief is moot.

Defendant argues in his Third Ground for Relief that had he known the "correct" statutory maximum for his offense of conviction, he would not have pleaded guilty but would have gone to trial. Mot. at 7. In light of the concession by the Government that Defendant is entitled to resentencing using the applicable FSA penalties, it is unclear whether Defendant contends that even

3

given the lower applicable penalty, he would not have pleaded guilty and would have proceeded to trial. At the time Defendant entered a guilty plea and was sentenced, counsel could not have been ineffective in advising Defendant of the then-applicable statutory penalty, as the FSA had not been held retroactively applicable to individuals such as Defendant who committed offenses prior to the enactment of the FSA, but who were sentenced thereafter. However, as it is unclear whether Defendant continues to seek this relief, the court holds open this portion of Ground Three for resolution at Defendant's resentencing hearing.

### III. Conclusion

For the reasons noted above, the Government is entitled to summary judgment on Defendant's First Ground for Relief, and it is dismissed with prejudice.

Defendant's sentence is vacated. The Federal Public Defender is appointed to represent Defendant and this matter is set for resentencing on **Tuesday, September 18, 2012.**

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 15, 2012